UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAUTASHA SHARPE, | : |
| | : |
| *Plaintiff*, | : |
| | : |
| v. | :    No. 3:24-cv-265 (SFR) |
| | : |
| MARY SHARPE, HENRY WINIARSKI, | : |
| and FOYES SMITH, | : |
| | : |
| *Defendants*. | : |

### RECOMMENDED RULING

This matter was referred to the undersigned for a review of the complaint pursuant to 28 U.S.C. § 1915. *See* ECF 21. For the reasons set forth below, the undersigned recommends that the pleadings be DISMISSED WITHOUT LEAVE TO AMEND because the allegations fail to state a viable federal claim and any attempt to supplement the allegations would be futile.

**A. Standard of Review**

Pursuant to § 1915(e), the district court must review *in forma pauperis* complaints and dismiss any complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The term "frivolous" in § 1915 applies to "not only the inarguable legal conclusion, but also the fanciful factual allegation," and courts must dismiss a claim that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Separately, to determine whether a complaint fails to state a claim, the court assesses whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court liberally construes pleadings and briefs submitted by self-represented plaintiffs, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017). If a *pro se* complaint is dismissed upon initial review, the court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

### B. Allegations

The crux of plaintiff's Complaint is that the defendants deprived her of an inheritance from her late father's estate. She alleges that her mother, defendant Mary Sharpe, murdered her terminally ill father while he was in the hospital in September 2017. ECF 1 at 3; ECF 1-8; ECF 1-14.[1] After plaintiff initiated probate proceedings, defendant Probate Judge Foye Smith authorized plaintiff to obtain financial records to determine the size of the intestate estate; however, Judge Smith then appointed defendant Attorney Henry Winiarski as administrator rather than plaintiff. ECF 1 at 3; ECF 1-4; ECF 1-7 at 1, 11. Plaintiff alleges that her mother and Attorney Winiarski failed to disclose all assets in the estate to the probate court. ECF 1 at 2-3. She alleges that they concealed her father's annuity that had a value of $128,892; however, the documentary evidence she attaches to the Complaint states that the beneficiary of the annuity was plaintiff's mother, not the estate. ECF 1 at 2-3; ECF 1-6. She also alleged in a July 2018

---

[1] It is not entirely clear if plaintiff alleges that her mother committed her father's murder with the assistance of Attorney Winiarski and Probate Judge Smith, *see* ECF 1 at 2, or alleges that her mother acted alone. *See* ECF 1 at 3 and 1-14. Regardless, the Court reaches the conclusion that there are no viable federal claims here.

grievance complaint that an asset inventory prepared by her mother and Attorney Winiarski (and another attorney, Frederick Cadman) intentionally omitted real estate located in Connecticut and Georgia; however, she conflictingly stated that the real estate passed to her mother by right of survivorship. *See* ECF 1-7 at 34, 36-37. Plaintiff also alleges that her mother and Attorney Winiarski deprived her of an inheritance in the Georgia real estate; however, the evidence attached to the Complaint indicates that the other owners made a monetary settlement offer for her one-sixth interest, along with an explanation that she could decline the offer and seek judicial partition. ECF 1 at 2-3; ECF 1-12. In her request for relief, plaintiff asks that Attorney Winiarski and Probate Judge Smith be disbarred. ECF 1 at 4. She also demands millions in damages from each of the defendants and from the Hartford Probate Court. *Id.*

### C. Analysis

#### 1. No viable federal claim

Even liberally construed, the Complaint does not assert a viable federal claim.

##### a. Citation to inapplicable federal statutes

Plaintiff cites several federal statutes. Most are criminal statutes that cannot be enforced by a private party, including 18 U.S.C. § 241 (criminal conspiracy), § 245 (federally protected activities), § 249 (hate crime), § 641 (embezzlement), § 1111 (murder), § 1112 (manslaughter), and § 1708 (mail theft). *See Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (private party cannot sue under criminal statutes "absent an indication that Congress intended to create such a private right of action"). Plaintiff also cites other inapposite statutes including 10 U.S.C. § 921 (larceny under armed forces code), 28 U.S.C. § 4101 (definitions pertaining to foreign judgments), and 29 U.S.C. § 1109 (fiduciary duties under ERISA). These theories of liability are not legally viable.

### b. Civil RICO claim

The only potentially applicable federal statutes cited in the Complaint are the RICO statutes, which expressly permit suit by a private party. *See* 18 U.S.C. § 1964(c). The general elements of a civil RICO claim are a violation of 18 U.S.C. § 1962 that caused injury to plaintiff's business or property. *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 83 (2d Cir. 2015). Of the four subsections in § 1962, it appears that the Complaint is attempting to allege violation of § 1962(c) (pattern of racketeering) or § 1962(d) (RICO conspiracy). "To sustain a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must show (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains and interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123-24 (2d Cir. 2018) (citations and quotation marks omitted). To state a RICO conspiracy claim under § 1962(d), "a plaintiff must allege the existence of an agreement to violate RICO's substantive provisions." *Id.*

Here, the Complaint does not plausibly allege two predicate acts of racketeering as required to state a RICO claim. The requisite predicate acts must be among the criminal statutory offenses enumerated in 18 U.S.C. § 1961(1) or "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical[.]" *See* 18 U.S.C. § 1961(1). The acts must be sufficiently related to form a pattern and must either amount to or pose a threat of continuing criminal activity. *See Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999). Additionally, "all allegations of fraudulent predicate acts are subject to the

4

heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004).

Here, the only allegation that might possibly constitute a predicate act is that plaintiff's mother murdered her terminally ill father, which is so speculative and devoid of any factual support as to be patently implausible. Moreover, it does not establish the requisite pattern or pose a threat of continuing criminal activity. As for plaintiff's allegations of fraudulent conduct in the probate court proceedings, "allegations of frivolous, fraudulent, or baseless litigation activities – without more – cannot constitute a RICO predicate act." *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018) (holding that a single frivolous, fraudulent, or baseless lawsuit could not, by itself, constitute a viable RICO predicate act). Nor is there any reasonable basis to believe that plaintiff could supplement her RICO allegations to state a plausible claim. The conclusory allegation that plaintiff's mother murdered her father, absent any factual support and patently contradicted by the certificate of death attached to the complaint,[2] is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"). Even if such an allegation could be supported, a single alleged predicate act is insufficient to state a civil RICO claim. And there are no conceivable additional facts that could render the allegations regarding probate proceedings legally sufficient as another predicate act for purposes of RICO.

Furthermore, to the extent that plaintiff is asking this Court to review and reject unfavorable probate court rulings that were rendered prior to the commencement of this action in

---

[2] The certificate of death indicates that plaintiff's father passed from natural causes. ECF 1-8.

February 2024,[3] the *Rooker-Feldman* doctrine precludes this court from exercising jurisdiction. *See Sung Cho v. City of N.Y.*, 910 F.3d 639, 644-45 (2d Cir. 2018) (federal courts cannot hear "cases that function as *de facto* appeals of state-court judgments" where plaintiff: (1) lost in state court; (2) complains of injuries caused by the state-court judgment; (3) invites the district court to review and reject that judgment; and (4) commenced the district court proceedings after the state-court judgment was rendered)). [4]  And even assuming that the Court could exercise jurisdiction and plaintiff could state a viable civil RICO claim, she could not obtain money damages from Judge Smith or the Probate Court under the doctrines of judicial immunity and sovereign immunity.  *See Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009) (judicial immunity applied to probate judge); *Mitchell v. Connecticut Region 14 Dist. Prob. Ct.*, No. 3:14-cv-630 (JAM), 2015 WL 4094188, at *3 (D. Conn. July 7, 2015) (sovereign immunity applied to state probate system, regional probate court, and probate judge). [5]

For all these reasons, the undersigned recommends that the putative federal claims be DISMISSED WITHOUT LEAVE TO AMEND.  Although a court ordinarily should not dismiss a *pro se* complaint without granting leave to amend "at least once when a liberal reading of the

---

[3] The probate court appointed the estate administrator in March 2018.  ECF 1-4 at 1.  The affidavit of closing is dated August 2023.  ECF 1-7 at 9.

[4] The *Rooker-Feldman* doctrine applies not only to judgments of state courts of general jurisdiction but also to courts of limited jurisdiction, such as probate courts.  *See*, *e.g.*, *Pelczar v. Kelly*, 795 F. App'x 55, 56-57 (2d Cir. 2020) (affirming dismissal of state court decision to admit will to probate); *Kulmann v. Biolo*, No. 3:24-cv-1077 (MPS), 2024 WL 3988255, at *3 (D. Conn. Aug. 29, 2024) (Garcia, M.J.) (recommending dismissal of claim that probate court improperly denied access to court records).

[5] To the extent that plaintiff intended to assert a claim for legal malpractice or breach of fiduciary duty against Attorney Winiarski, there would be no basis for federal subject matter jurisdiction because the Complaint indicates that both plaintiff and Attorney Winiarski are citizens of Connecticut.

complaint gives any indication that a valid claim might be stated," it appears that any attempt to bolster the federal claims would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("a futile request to replead should be denied" such as where the "problem with [the] causes of action is substantive [and] better pleading will not cure it").

### 2. Supplemental jurisdiction

The Complaint also cites several Connecticut statutes, including Connecticut General Statutes § 52-568 (damages for vexatious suit), § 53a-156 (criminal perjury), and § 53a-183 (criminal harassment). Even assuming that these statutes were legally actionable and factually applicable, this Court should decline to exercise supplemental jurisdiction over the state law claims where the federal claims are dismissed at the outset of the case. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, the undersigned recommends that the Court decline to exercise supplemental jurisdiction here.

### D. Conclusion

For all the foregoing reasons, the undersigned recommends that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

This is a recommended ruling. *See* Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court on or before May 12, 2025.** *See* Fed. R. Civ. P. 72(b)(2) (objections to recommended ruling due fourteen days after being

7

served), and 6(d) (three days added where service is by mail).  Failure to object by that date will preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 and 6(a); D. Conn. L. Civ. R. 72.2; *Small v. Secretary of H.H.S.,* 892 F.2d 15 (2d Cir. 1989) (per curiam); *F.D.I.C. v. Hillcrest Assoc.*, 66 F.3d 566, 569 (2d Cir. 1995).

    **SO ORDERED**, on this 24th day of April, 2025, at Bridgeport, Connecticut.


                                            */s/ S. Dave Vatti*
                                            Hon. S. Dave Vatti
                                            United States Magistrate Judge